IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LAWRENCE E. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-175 |
| | ) |
| XAVIER BECERRA, *U.S. Secretary of Health and Human Services*, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The COVID-19 pandemic and the related vaccine rollout has led to notable frustration for many individuals across the United States. Some, like Plaintiff, feel the U.S. government poorly handled the process of COVID-19 vaccine approval and distribution. Plaintiff's apparent frustration led him to file a Complaint against various heads of the U.S. Department of Health and Human Services, the Centers for Disease Control and Prevention, and the Food and Drug Administration. The Complaint petitions the Court for declaratory and injunctive relief in response to alleged violations the Federal Food, Drug, and

Cosmetic Act. The Complaint also seeks monetary damages pursuant to the Fifth Amendment Takings Clause.

In December 2020, the FDA issued emergency use authorizations for COVID-19 vaccines developed by Moderna and Pfizer. Since that time, the U.S. Government purchased hundreds of millions of doses from Moderna and Pfizer and invested billions of dollars with these companies for COVID-19 vaccine development, manufacture, and distribution. These vaccines have been administered at no cost to the public by state and local governments, as well as the private sector. Because of the limited supply of vaccines, state and local governments initially attempted to prioritize those they considered most in need of the vaccine. This phased prioritization process varied by jurisdiction.

The Court (and most of the nation) is familiar with the chief grievances Plaintiff sets forth in the Complaint. Plaintiff (who, at the time he filed the Complaint, was ineligible to receive the vaccine in the Commonwealth of Virginia) complains of delay and disorganization during the COVID-19 vaccine rollout. He asserts that the vaccine eligibility programs in place were "inequitable and unjustifiable" and that the Government-instituted price controls discouraged private investment in vaccine development.

On May 17, 2021, Defendants moved to dismiss the Complaint for a lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. Plaintiff responded in opposition to the present Motion on May 24, and Defendants replied June 1.

Defendants argue the Court has no jurisdiction over this matter because Plaintiff lacked standing at the time he filed the Complaint. Defendants also argue that his claims are moot because Plaintiff is now fully vaccinated.

If at any time a court finds it lacks subject-matter jurisdiction over a claim, the claim must be dismissed. See Fed. R. Civ. P. 12(h)(3). When a defendant challenges a court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "the facts alleged in the complaint are taken as true." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). This presumption is not extended to conclusory statements and conclusions of law. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When a court deems it necessary, it may "consider evidence outside the pleadings" to determine whether a plaintiff has sufficiently alleged subject matter jurisdiction. Richmond, Fredericksburg & Potomac R. Co v. United States, 945 F.2d 765, 768 (4th Cir. 1991). But in this case the Court will not consider allegations by Plaintiff made in the response to the

3

present Motion. These statements would effectively amend Plaintiff's Complaint without complying with the procedures set forth in Federal Rule of Civil Procedure 15.

A plaintiff must demonstrate requisite standing to bring a claim in federal court. See U.S. Const., Art. III, § 2. If a plaintiff lacks standing, so then the court lacks subject-matter jurisdiction and must dismiss the action. See Friends for Ferrell Parkway, LLC v. Stasko, 282 F.3d 315, 320 (4th Cir. 2002) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Standing requires (1) injury in fact, (2) that the injury is fairly traceable to the challenged conduct, and (3) likelihood a court could redress the injury. See id. Plaintiff has not adequately alleged standing with respect to any of his alleged injuries.

Plaintiff alleges three possible injuries that resulted from Defendants' actions during the COVID-19 vaccine rollout. First, Plaintiff appears to allege financial injury as a shareholder of both Moderna and Pfizer. Second, he alleges injury because the Defendants allegedly prevented the private sector from administering vaccines. And finally, he alleges injury because he cannot purchase the vaccine. Plaintiff fails to allege any non-conclusory facts supporting any actual injury that is traceable to Defendants' conduct.

4

First, Plaintiff has not pleaded any injury in fact as a shareholder of Moderna and Pfizer. To demonstrate an injury in fact, a plaintiff must plead more than a "conjectural or hypothetical" injury, but one that is actual, particularized, or imminent. <u>Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.</u>, 528 U.S. 167, 180 (2000). The Complaint is void of any fact suggesting that shareholders of Moderna and Pfizer have experienced financial harm (i.e., a decrease in stock price for either company), much less suggestion that Plaintiff experienced harm resulting from Defendants' actions. And in fact, the Complaint itself explains "the Government has purchased hundreds of millions of dosages of the vaccine."

The Complaint alleges that the Government put price controls on the vaccines, which allegedly "discourage[ed] future investment by private industry." This conclusion is pure conjecture and, under <u>Laidlaw</u>, is precluded from establishing injury. And even if Plaintiff's conclusion is true, he fails to show any facts that he would be imminently harmed by such discouragement of future investment.

As the Complaint fails to show requisite injury in fact, Plaintiff has no standing to bring an action as a shareholder of Moderna and Pfizer. This Court has no jurisdiction, and Plaintiff's claim for monetary damages in the amount of $20,000

is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Complaint also fails to demonstrate any injury resulting from Defendants' alleged decision not to authorize the vaccine "for distribution to the public by private, non-Governmental companies and individuals." Even taking this statement as true, Plaintiff fails to demonstrate any injury to himself because of Defendants' restriction on private distribution. The Complaint does not allege, for example, that private distributors would not be required to follow the same prioritized distribution plan set forth by state and local governments. The Complaint sets forth no actual or imminent injury from the government's allegedly limited distribution of the COVID-19 vaccine.

Finally, Plaintiff fails to demonstrate standing with respect to his last pleaded injury, his inability to purchase the vaccine. The Complaint fails to indicate from whom Plaintiff wishes to purchase a vaccine. But, as the Plaintiff requests injunctive relief against Defendants and states "the Government has purchased hundreds of millions of dosages of the vaccine," the Court interprets the Complaint to represent that Plaintiff wishes to purchase a vaccine already acquired by the U.S. Government.

6

The Court fails to comprehend how an inability to purchase government property constitutes a particularized injury in fact to the Plaintiff. Defendants have no obligation to sell government-owned property to private parties. Plaintiff has demonstrated no more injury resulting from his inability to purchase a government-owned COVID-19 vaccine than from his inability to purchase land in Yellowstone Park. The Complaint is again devoid of a sufficiently pleaded actual or imminent injury to the Plaintiff.

Even if the Court construes the Complaint to suggest that Plaintiff's injury was his inability to *receive* (not to *purchase*) the vaccine by mid-February when he filed the Complaint, the action is now moot. Since filing the Complaint, Plaintiff has received two COVID-19 vaccines. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Plaintiff no present, legally cognizable interest in receiving a COVID-19 vaccine. His petition for injunctive relief is moot and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

For the foregoing reasons, the Complaint must be dismissed. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 22, 2021

8